The PEOPLES NATURAL GAS COMPANY, Petitioner,

v.

PENNSYLVANIA PUBLIC UTILITY COMMISSION, Respondent.

Commonwealth Court of Pennsylvania.

Argued Dec. 6, 1995.
Decided June 10, 1996.

---

1995), *affirmed,* —— Pa. ——, 673 A.2d 323 (1996).

**6.** 351 Pa.Code § 7.7–301.

Joseph J. Malatesta, Jr., for Petitioner.

John A. Levin, Assistant Counsel, for Respondent.

Edmund J. Berger, for Intervenor, Irwin A. Popowsky, Consumer Advocate.

Before COLINS, President Judge, and DOYLE, McGINLEY, SMITH, PELLEGRINI, FRIEDMAN and KELLEY, JJ.

COLINS, President Judge.

Peoples Natural Gas Company (Peoples) petitions for review of the September 30, 1994 order of the Pennsylvania Public Utility Commission (Commission) that dismissed Peoples' complaint docketed to No. C–00945601.[1] The practical result of the Commission having dismissed Peoples' complaint is that it must refund to its customers ninety percent of the take-or-pay (TOP) refund of $9,677,731 it received from the Columbia Gas Transmission Corporation (Columbia).[2]

Peoples chose to recover its TOP costs [3] through a surcharge, which was approved by the Commission on April 5, 1990.[4] The Commission permitted Peoples to recover ninety percent of its TOP costs and $714,166 of interest pursuant to 52 Pa.Code § 69.181(n), which allowed the "[c]ollection of interest on LDC take-or-pay claims ... for the period of time from October 21, 1988, through November 3, 1989." At its public meeting on November 2, 1989, the Commission extended that time period through February 1, 1990. The Commission, in its discretion, allowed this collection of interest because of the regulatory delay in the implementation of its TOP policy statement.

When Peoples received its TOP refund from Columbia in November 1993, it filed Supplement No. 50 to its tariff, proposing to return ninety percent of the principal portion of the refund to its customers but proposing to retain all of the interest portion of the refund. By secretarial letter dated December 20, 1993, the Commission directed Peoples to pass through to its customers ninety percent of the total refund of approximately 9.6 million dollars.

---

1. On November 3, 1994, the Office of Consumer Advocate intervened in this matter.

2. The refund consisted of approximately 7.6 million dollars of principal and 2 million dollars of interest.

3. For a discussion of TOP costs, see *UGI Utilities, Inc.-Gas Division v. Pennsylvania Public Utility Commission*, 677 A.2d 882 (Pa.Cmwlth. 1996).

4. The Commission approved Peoples' second surcharge proposal. The first proposal was disapproved on October 6, 1989.

Peoples filed a formal complaint challenging the Commission's decision, alleging that the decision was contrary to the TOP policy statement and to the Commission's prior application of that statement to Peoples. After hearings, the Commission's administrative law judge issued his recommended decision on July 25, 1994. He recommended that Peoples' complaint be dismissed, resulting in ninety percent of the total refund being passed through to Peoples' customers. The Commission entered its order adopting the recommendations of the administrative law judge on September 30, 1994. This appeal followed.

Peoples argues that the Commission's September 30, 1994 order conflicts with its April 5, 1990 order approving Peoples' surcharge for recovery of TOP costs and with the statement of policy. According to Peoples, neither the April 1990 order nor the statement of policy "anticipate and determine the treatment of interest later received as part of an [sic] FERC-approved refund." (Brief at 31.) The statement of policy "did not predetermine the treatment of that [interest] component in any way." (Brief at 31.) Alternatively, according to Peoples, if the April 1990 order and the statement of policy do predetermine the treatment of interest, they predetermined that Peoples' shareholders should retain the interest component of the TOP refund. Peoples argues that the "deal" upon which it and the Commission agreed obligated its customers to pay approximately 15.1 million dollars of TOP costs and $714,166 in interest. By permitting the customers to receive ninety percent of the interest portion of the TOP refund, the Commission has reduced the obligation of those customers under the "deal." [5]

The issue is this matter is controlled by *UGI Utilities, Inc.-Gas Division v. Pennsylvania Public Utility Commission*, 677 A.2d 882 (Pa.Cmwlth. 1996).

Accordingly, the September 30, 1994 order of the Pennsylvania Public Utility Commission is affirmed.

*ORDER*

**AND NOW**, this 10th day of June, 1996, the order of the Pennsylvania Public Utility Commission in the above-captioned matter is affirmed.

---

**5.** Peoples subsumes a substantial evidence issue in its error of law arguments. We have determined that the order in question is supported by substantial evidence.